IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LORENZO D. EMANUEL, #2093559 § § | |
| Plaintiff, § § | CIVIL ACTION NO. 4:19-CV-00641-RWS-LKJ |
| v. § § | |
| DIRECTOR, TDCJ-CID, § § | |
| Defendant. § § | |

**ORDER**

Petitioner Lorenzo D. Emanuel, an inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also filed a Motion for Evidentiary Hearing. Docket No. 30. The case was referred to the United States Magistrate Judge Kimberly C. Priest Johnson in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a Report and Recommendation concluding that the petition for writ of habeas corpus should be denied and dismissed with prejudice. Docket No. 25. Petitioner filed objections. Docket No. 29.

**I.     Report and Recommendation of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition for writ of habeas corpus be denied and dismissed with prejudice. Docket No. 25 at 24. First, the Magistrate Judge determined that for Petitioner's claim for actual innocence, Petitioner did not present a cognizable actual innocence claim; did not offer new reliable evidence that was not presented, or available to be presented, at trial; and failed to make the threshold showing of actual innocence. *Id.* at 6. Then, the Magistrate Judge determined Petitioner's claim of ineffective assistance of counsel should be denied because Petitioner had not met his burden of showing the probability of a different result in his trial absent the alleged errors of his counsel was not

objectively unreasonable. *Id.* at 10–19. Namely, counsel's decision not to call or investigate certain witnesses was not unreasonable strategy given the duplicative and objectional nature of the testimony. Next, the Magistrate Judge determined Petitioner's claim for prosecutorial misconduct should be denied because Petitioner failed to prove that the prosecution knowingly presented, or failed to correct, materially false testimony during trial; failed to rebut with clear and convincing evidence the presumption of correctness given to the state court's factual finding of no false or perjured testimony; and failed to show that there was no reasonable basis for the state court to deny relief. *Id.* at 19–20. Finally, the Magistrate Judge determined that Petitioner's claim for insufficient evidence to support the conviction should be denied because the intermediate appellate court's conclusion did not contradict or misapply federal law. *Id.* at 20–22.

In his objections, Petitioner contends that the Magistrate Judge erred by recommending denying Petitioner's claim that his counsel provided ineffective assistance by failing to investigate particular witnesses. Docket No. 29 at 1. Contrary to the Petitioner's assertion, the Magistrate Judge considered the merits of the Petitioner's claim. To establish an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel performed deficiently and that the deficient performance prejudiced the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 689–92 (1984). Analyzing an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Harrington v. Richter*, 526 U.S. 86, 101 (2011). On habeas review, the key question is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was reasonable. *Id*. As the Magistrate Judge noted, the state court found that Petitioner had not met his burden of demonstrating that counsel provided ineffective assistance. Counsel's decision not to recall, interview or investigate certain witnesses was a reasonable

strategy because counsel saw no benefit to recall witnesses for cumulative, objectionable testimony. Docket No. 25 at 15–16. Moreover, Petitioner contends that effective counsel would have put the witness statements into evidence because the statements were "newly discovered." Docket No. 29 at 2. But Petitioner has not offered new reliable evidence that was not presented or available to be presented at trial. Thus, Petitioner's first objection is **OVERRULED**.

Petitioner also objects to being denied a certificate of appealability on the basis of his constitutional rights, specifically his Sixth Amendment right to effective counsel. *Id.* at 4. Petitioner, however, is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Petitioner are not

novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Thus, Petitioner's second objection is **OVERRULED**.  A certificate of appealability will not be issued.

\* \* \*

The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration.  The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Petitioner objected.  *See* 28 U.S.C. § 636(b)(1) (The district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The Court concludes that Petitioner's objections are without merit and the findings and conclusions of the Magistrate Judge are correct.  Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## II.     Motion for an Evidentiary Hearing

Petitioner also filed a motion for an evidentiary hearing.  Docket No. 30.  Evidentiary hearings are not required in federal habeas corpus proceedings. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts; *McCoy v. Lynaugh*, 874 F.2d 954, 966–67 (5th Cir. 1989).  "[T]o receive a federal evidentiary hearing, a petitioner must allege facts that, if proved, would entitle him to relief." *Wilson v. Butler*, 825 F.2d 879, 880 (5th Cir. 1987); *see also East v. Scott*, 55 F.3d 996, 1000 (5th Cir. 1995) (noting opportunity for an evidentiary hearing is only mandatory where there is a factual dispute which, if resolved in the petitioner's favor, would entitle the petitioner to relief and the petitioner has not received a full and fair evidentiary hearing

in state court).  Petitioner fails to show that he is entitled to an evidentiary hearing.  Petitioner alleges no facts that, if proved, would entitle him to relief.  *See Wilson*, 825 F.2d at 880.  Therefore, the motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report of the Magistrate Judge (Docket No. 25) as the opinion of the Court and **DENIES** Petitioner's Motion for Evidentiary Hearing (Docket No. 30).  The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is therefore **DENIED**.  It is

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 8th day of March, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE